IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Barton Thorne,**

    Plaintiff,

v.                                                                                  Case No. 2:21-cv-02110-MSN-tmp

**Shelby County Board of Education and
Dr. Joris M. Ray, in his official capacity
as Superintendent,**

    Defendants.

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR STATUS CONFERENCE**

    Shelby County Board of Education ("School District") hereby submits its Response in Opposition to Plaintiff's Motion for Status Conference [ECF No. 49]. In opposition to Plaintiff's Motion, the School District states that a status conference is not necessary because none of the issues raised in Plaintiff's motion have changed the circumstances of this case. The School District continues to rely upon its Motion to Dismiss and supporting memorandum filed almost four years ago on April 16, 2021 [ECF No. 15] and incorporates the same herein by reference. As explained in the Motion, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed with prejudice pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*. In further support of its request for dismissal and in opposition to Plaintiff's request for an unnecessary status conference, the School District states as follows:

    Plaintiff offers three unconvincing arguments in support of his request for a status conference. First, Plaintiff claims that the School District's newly appointed Interim Superintendent needs to be added as a defendant in the case. Plaintiff is wrong. As the School

1

District has pointed out from the beginning [*see* ECF No. 15, n. 1], Plaintiff's naming as a party the School District's then-superintendent, Dr. Joris Ray, in his professional capacity was superfluous and unnecessarily cumulative because "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). "It is not a suit against the official personally, for the real party in interest is the entity." *Id*. "In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office." *Graham*, 473 U.S. at 166, n. 11 (citing Fed. R. Civ. P. 25(d)). Indeed, Fed. R. Civ. P. 25(d) provides:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. **The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution**

Fed. R. Civ. P. 25(d)) (emphasis added).

As a matter of law, there is really only one defendant in this Section 1983 case – the School District. There is no need for a status conference or any other action to substitute Dr. Richmond for Dr. Ray – that happened automatically under the *Federal Rules of Civil Procedure*. Certainly, the Court can enter an Order directing the Clerk to amend the style of the case, but even in the absence of such an Order, Dr. Richmond has already been substituted in his official capacity as interim superintendent. Moreover, the change in leadership has not changed the School District's

legal position in this matter – Plaintiff's Amended Complaint does not state a viable claim, and it should be dismissed with prejudice.

Second, Plaintiff relies on news reports claiming that former superintendent Marie Feagins intends to sue the School District and that Speaker Sexton has indicated that legislation will be filed to take over the School District. Neither of these reports has any bearing whatsoever on this case or the Motion to Dismiss that was filed almost four years ago while Dr. Joris Ray was still superintendent. Upon information and belief, no takeover bill has been filed in the General Assembly, and the details of the alleged bill are unknown. Likewise, the School District has not been served with a complaint by Dr. Feagins, and the School District is unaware of any such suit having been filed. Indeed, the reports are highly speculative; it is impossible to know whether and when either of the threatened actions will actually occur. The salacious news reports relied upon by Plaintiff are simply that – reports. Moreover, Plaintiff makes no effort to explain how such reports have actually altered the circumstances of this litigation. This case remains as it was in April 2021 when the School District filed its Rule 12(b)(6) Motion to Dismiss. Plaintiff had no viable claim for relief then, and he has no viable claim now.

Third, Plaintiff seeks a status conference to discuss appointing a neutral Magistrate Judge and ordering mediation. Though he claims that "an opportunity to mediate with a Magistrate Judge is potentially likely to produce a settlement between the parties," Plaintiff offers no explanation as to why he believes that is true. Indeed, the parties have already attempted mediation, which was unsuccessful. [ECF No. 26]. Given that the parties' legal positions remain unchanged since the September 2021 mediation, the School District has no reason to believe that a second mediation would be successful. Rather, the School District believes a second mediation is likely to waste the resources of both the parties and the judiciary.

For the reasons stated herein, the School District respectfully requests that the Plaintiff's Motion for status conference be denied and that the School District's long-pending Motion to Dismiss be granted for the reasons stated therein.

Respectfully Submitted,

s/ Jamie L. Morton
JAMIE L. MORTON (#031243)
Shelby County Board of Education
Office of the General Counsel
160 S. Hollywood St., Room 218
Memphis, Tennessee 38112
901.416.6370
mortonj2@scsk12.org

**CERTIFICATE OF SERVICE**

      This certifies that a copy of the foregoing has been forwarded pursuant to the Court's electronic filing system to the following:

| | |
|---|---|
| Cameron M. Watson<br>SPICER RUDSTROM, PLLC<br>6060 Primacy Parkway, Suite 401<br>Memphis, Tennessee 38119<br><br>*Counsel for Plaintiff* | M.E. Buck Dougherty III<br>Liberty Justice Center<br>7500 Rialto Blvd. Suite 1-250<br>Austin, TX 78735<br><br>*Counsel for Plaintiff* |

      /s/Jamie L. Morton
      Jamie L. Morton