**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **Barton Thorne**, | |
| Plaintiff, | |
| v. | Case No. 2:21-cv-02110-MSN-tmp |
| **Shelby County Board of Education** and **Dr. Roderick Richmond**, in his official capacity as Interim Superintendent of Memphis Shelby County Schools, | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY

Plaintiff submits this memorandum of law opposing Defendants' Motion for Leave to File Reply (ECF No. 76) (the "Motion") in further support of its Motion to Revise Interlocutory Order (ECF No. 139) (the "Motion to Revise").

A motion for leave to file a reply under Local Rule 7.2(c) should be denied when it "is not necessary." *Wei Guo Shi v. Yum's Chinese Rest.*, No. 17-cv-2900-MSN-cgc, 2019 U.S. Dist. LEXIS 239261, at *1 (W.D. Tenn. Nov. 18, 2019) (Norris, J.). Defendants' Motion makes clear that a reply is unnecessary for the Court to decide the Motion to Revise, and should therefore be denied.

1

As a threshold matter, motions to revise interlocutory orders are to be filed "sparingly and in rare circumstances"[1] for the obvious reason that they are susceptible to abuse by parties seeking a second bite at the apple. It follows that extended briefing on such motions should be permitted only in truly exceptional cases. Here, Defendants' Motion to Revise has already delayed proceedings; extending the briefing will only cause additional, unwarranted delay. In any event, Defendants' two proposed arguments do not justify the filing of a reply.

First, Defendants seek leave to argue that Local Rule 7.3(c)'s prohibition on repeating arguments does not mean what it plainly says. Defendants claim it would be "impossible" for them to argue that the Court manifestly failed to consider material facts or dispositive legal arguments without repeating those arguments. This is simply incorrect. For example, Defendants could have argued—as they now implicitly do—that the Court's decision not to issue a written opinion on a dispositive motion after extensive briefing and argument reflects a manifest failure to consider their arguments.[2] And they could have argued this without repeating their old arguments in violation of Rule 7.3(c)—repetitive arguments that waste the time of Plaintiff and the Court.

Second, Defendants' proposed additional arguments regarding sanctions are not necessary. Defendants attempt to walk back their false allegation that Plaintiff's

---

[1] *Zarecor v. Morgan Keegan & Co. (In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.)*, No. 2:09-md-2009-SHM, 2013 U.S. Dist. LEXIS 74333, at *10 (W.D. Tenn. May 28, 2013).

[2] As set forth in Plaintiff's Opposition to Motion to Revise, this argument would be incorrect. Plaintiff's Opposition to Motion to Revise (ECF No. 71, at 5-6)("The court is not required to state findings or conclusions when ruling on a motion under Rule 12.") (quoting Fed. R. Civ. P. 52 Advisory Committee Notes).

counsel was practicing before this Court without authorization, but there is ultimately no dispute that this argument was repeated in the Motion to Revise after it was already addressed by Plaintiff's counsel and the Court during the April 11, 2025 conference. In any event, that is just one of the repeated arguments that subjects Defendants' counsel to sanctions under Local Rule 7.3(c), which unambiguously states that repeated arguments "shall" subject counsel to sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File Reply.


Dated: July 1, 2025                    Respectfully submitted,

                                       /s/ Cameron M. Watson
                                       Cameron M. Watson
                                       SPICER RUDSTROM, PLLC
                                       6060 Primacy Parkway, Suite 401
                                       Memphis, Tennessee 38119
                                       office:  901.523.1333
                                       fax:     901.526.0213
                                       direct:  901.522.2319
                                       email:  cwatson@spicerfirm.com

                                       Dean McGee
                                         *Lead Counsel for Plaintiff*
                                       Liberty Justice Center
                                       7500 Rialto Blvd.
                                       Suite 1-250
                                       Austin, Texas 78735
                                       Ph.: 512.481.4400
                                       dmcgee@libertyjusticecenter.org
                                       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I filed the foregoing opposition brief through the Court's Electronic Filing System, which will send notice to all counsel of record appearing in this matter.

<u>/s/ Cameron M. Watson</u>
Cameron M. Watson
SPICER RUDSTROM, PLLC
6060 Primacy Parkway, Suite 401
Memphis, Tennessee 38119
office:  901.523.1333
fax:     901.526.0213
direct:  901.522.2319
email:  cwatson@spicerfirm.com