**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

BARTON THORNE,

     Plaintiff,

v.                                                                Case No. 2:21-cv-02110-MSN-tmp

SHELBY COUNTY BOARD OF EDUCATION,
and DR. RODERICK RICHMOND,
in his official capacity as Superintendent of
Memphis Shelby County Schools,

     Defendants.

---

**ORDER ON PENDING MOTIONS**

---

Before the Court are the following: (1) Plaintiff's Motion to Reopen Discovery (ECF No. 66); (2) Defendants' Motion to Revise Interlocutory Order (ECF No. 67); and (3) Defendants' Motion for Leave to File Reply (ECF No. 76).

**<u>MOTION TO REOPEN DISCOVERY</u>**

Plaintiff's Motion to Reopen Discovery (ECF No. 66) moves to reopen discovery for the limited purpose of allowing Plaintiff's counsel to depose (1) Dr. Joris Ray, the former superintendent of Memphis Shelby County Schools, and (2) the Shelby County Board of Education pursuant to Rule 30(b)(6). (ECF No. 66 at PageID 330–31.) Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 16, but it was filed after the Scheduling Order's deadline for completing all discovery had expired.[1] (*See* ECF No. 22.)

---

[1] The Scheduling Order's deadline for completing all discovery was February 18, 2022. (*See* ECF No. 22.) On March 11, 2022, the Court stayed the Scheduling Order's deadline for dispositive motions and motions to exclude experts/*Daubert* motions. (*See* ECF No. 38.) On

Because Plaintiff has moved to extend the discovery deadline *after* its expiration, it is not clear whether Rule 16 or Rule 6 applies to his request.    Under Federal Rule of Civil Procedure 16, a scheduling order's deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). But Rule 6(b)(1)(B) provides that the Court may extend a deadline after its expiration "for good cause . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  So which rule applies here?

It appears the Sixth Circuit "has never fully grappled with the precise question of the Rule 16 v. Rule 6 interplay," but district courts in the Sixth Circuit and elsewhere regularly apply Rule 6(b)(1) when a party moves to extend a scheduling order deadline after that deadline has passed. *First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2017 WL 2735516, at *4 & n.7 (E.D. Ky. June 26, 2017) (collecting cases); *Lee v. Horton*, No. 17-CV-2766-JPM-TMP, 2018 WL 6588562, at *3 (W.D. Tenn. Oct. 5, 2018) (finding that "[w]here . . . a party moves to extend a deadline in the scheduling order that has already expired, Rule 6(b)(1) applies" and collecting cases); *Gardner v. Dye*, No. 3:15C00669, 2016 WL 9244200, at *4 (M.D. Tenn. July 1, 2016) ("While Rule 16 (and its associated local rule) and Rule 6(b) overlap to some degree, we find that Rule 6(b)(1)(B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed."); *Adams v. Wal-Mart Stores, Inc.*, No. 1:19-CV-00551, 2021 WL 425632, at *2 (S.D. Ohio Feb. 8, 2021) (noting that a request to extend discovery "typically implicate[s]" Rule 16, but when the motion is filed after the discovery deadline has passed, Rule 6 applies instead); *see also Stringfellow v. XP Servs., Inc.*, No. 4:23-CV-9, 2025 WL 567551, at *3 (E.D. Tenn. Feb. 20, 2025) ("In addition, a motion to extend a scheduling-order deadline that has already expired may implicate the

---

August 19, 2022, the Court continued the trial date and related pretrial deadlines.  (*See* ECF No. 44.)

excusable-neglect requirement of Rule 6(b)(1)(B) . . . ."); *but see Neighbors L. Firm, P.C. v. Highland Cap. Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) ("The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)."). "But regardless of which rule applies, the movant must first show 'good cause.'" *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (citations omitted).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "A court should also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order." *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019) (citing *Inge*, 281 F.3d at 625). Although the Court has broad discretion to modify its own pretrial orders, "'[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings,' and . . . pretrial scheduling orders are 'the essential mechanism for cases becoming trial ready in an efficient, just, and certain matter.'" *Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2014 WL 347041, at *2 (S.D. Ohio Jan. 30, 2014) (quoting *Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1198– 99 (N.D. Iowa 1994)).

Excusable neglect is "a strict standard" that "is met only in extraordinary cases." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2014) (citation omitted). Indeed, the Sixth Circuit has "considered excusable neglect in different contexts and repeatedly underscored that it is a difficult standard to satisfy." *In re Edwards*, 748 F. App'x 695, 698 (6th Cir. 2019). Courts typically balance the following five factors in considering whether a party has shown excusable neglect:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Hall v. Davis*, No. 23-3307, 2023 WL 11051385, at *3 (6th Cir. Nov. 17, 2023) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). Of these five factors, the reason for the delay is the most important, but it's not dispositive. *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (citing approvingly to a First Circuit case that described the reason for delay factor as having "the greatest import" and "always [being] critical to the inquiry"). And when it comes to reasons for the delay, an attorney's error or inadvertence generally isn't enough to "support a finding of excusable neglect." *Id.* Nevertheless, "the determination whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) (citation modified).

Here, the Court need not resolve the Rule 16 versus Rule 6 debate because Plaintiff has failed to show good cause, which is required under both rules. Plaintiff's motion does not address his diligence in attempting to meet the Scheduling Order's discovery deadline. Plaintiff's motion acknowledges that the parties exchanged written discovery and Defendants deposed Plaintiff and Plaintiff's expert. (ECF No. 66 at PageID 331.) The only explanation given for Plaintiff's failure to take deposition before the expiration of the discovery deadline was that Plaintiff's previous "lead counsel apparently believed that deposition of Defendants were, effectively, stayed pending resolution of the Motion to Dismiss in order to avoid taking unnecessary testimony if the motion were granted, or to tailor that testimony if the motion were granted in part." (ECF No. 66 at PageID 331.) But that is not supported by the record in this

4

matter, and it is inconsistent with the general rule that courts do not stay discovery simply because a motion to dismiss is pending. *See, e.g.*, *United States v. Armsted Rail Company*, No. 2:22-CV-3795, 2023 WL 12231146, at *1 (S.D. Ohio Mar. 30, 2023); *AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018). Because Plaintiff has failed to show good cause in support of amendment, his Motion to Reopen Discovery (ECF No. 66) is **DENIED**.

## LEAVE TO FILE REPLY

Defendants seek leave to file a reply in support of their Motion to Revise Interlocutory Order (ECF No. 67). (*See* ECF No. 76.) Local Rule 7.2(c) provides that, except as provided in Local Rules 12.1 (c) and 56.1(c), replies may be filed only "upon court order granting a motion for leave to reply." And "[s]uch motion for leave must be filed within 7 days of service of the response. Local Rule 7.2(c). Plaintiff's response to Defendants' Motion to Revise Interlocutory Order was filed on June 10, 2025. (*See* ECF No. 71.) Defendants' Motion for Leave to File Reply was filed on June 18, 2025—one day late. *See* Local Rule 7.2(c). Because the motion is tardy, that alone is reason enough to deny it. *See Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co.*, LLC, 695 F. App'x 864, 870–72 (6th Cir. 2017) (affirming trial court's striking of response brief because of failure to comply with local rules); *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 488–89 (6th Cir. 2006) (affirming trial court's striking of reply brief because party failed to request the necessary leave to file); *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598–99 (6th Cir. 2003) (affirming trial court's striking of untimely memoranda of law); *Martinez v. City of Memphis*, No. 25-5494, 2025 WL 3516448, at *2 (6th Cir. Dec. 8, 2025) ("The interpretation and application of local rules are matters within the district court's discretion[.]" (citation omitted)); *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (same) (citation

5

omitted); *Wadkins v. Klingshirn*, No. 5:23-CV-00175-GFVT, 2025 WL 2472570, at *1 (E.D. Ky. Aug. 27, 2025) ("District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." (citing *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015))).

In addition, the only new argument raised in Plaintiff's response was a request for sanctions. But Defendants have adequately addressed Plaintiff's request for sanctions in their Motion for Leave to File Reply.

For the above reasons, Defendants' Motion for Leave to File Reply (ECF No. 76) is **DENIED**. The Court, however, will consider the arguments made in response to Plaintiff's request for sanctions set forth in that motion.

## MOTION TO REVISE INTERLOCUTORY ORDER

Finally, Defendants ask the Court to revise its oral ruling denying Defendants' Motion to Dismiss the Amended Complaint. (*See* ECF No. 67.) Alternatively, Defendants ask the Court to enter a written order explaining its findings and analysis in denying Defendants' Motion to Dismiss. (*Id.*)

Under Rule 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to

6

reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

And the district court's power to reconsider may be exercised *sua sponte* or on a motion of the

parties. *See Leelanau Wine*, 118 F. App'x 945–46; *In re Saffady*, 524 F.3d 799, 802–03 (6th Cir.

2008) (finding the district court's *sua sponte* decision vacating its summary judgment order was

"an exercise of the district's inherent power to reopen part of a case prior to entry of the final

judgment").

In this district, motions for revision of interlocutory orders are governed by Local Rule

7.3, which provides that "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision

of any interlocutory order made by that Court on any ground set forth in subsection (b) of this

rule. Motions to reconsider interlocutory orders are not otherwise permitted." LR 7.3(a).

Subsection (b) provides that reconsideration of an interlocutory order is appropriate only when

the movant specifically shows:

> (1) a material difference in fact or law from that which was presented to the Court
> before entry of the interlocutory order for which revision is sought, and that in the
> exercise of reasonable diligence the party applying for revision did not know such
> fact or law at the time of the interlocutory order; or (2) the occurrence of new
> material facts or a change of law occurring after the time of such order; or (3) a
> manifest failure by the Court to consider material facts or dispositive legal
> arguments that were presented to the Court before such interlocutory order.

LR 7.3(b). Parties may not use a motion for revision to "repeat any oral or written argument

made by the movant in support of or in opposition to the interlocutory order that the party seeks

to have revised." LR 7.3(c).

As set forth in their motion, Defendants rely on the third reason in Local Rule 7.3—that

the Court manifestly failed to consider material facts or dispositive legal arguments presented to

before the Court issued its order.  (*See* ECF No. 67 at PageID 334.)  In some respects,

Defendants' confusion is understandable.  But the Court ruminated on the material facts and

legal arguments for *years* before making a decision, which was complicated by the sudden

departure of co-Defendant, Joris Ray, and the fact that, despite numerous replacements, there is still no permanent superintendent. Nevertheless, the Court will continue to take the parties' arguments under advisement and, for now, defers its decision on Defendants' Motion to Revise Interlocutory Order (ECF No. 67).

## NEXT STEPS

The Court previously discussed with the parties the prospect of judicial mediation conducted by Magistrate Judge Claxton. The Court will endeavor to coordinate scheduling if the parties still believe that judicial mediation would be helpful in this matter. In addition, the Court will set a re-scheduling conference to reset the dispositive motion deadline, as well as the trial date and related deadlines that were previously stayed. The re-scheduling conference will be set by separate notice at a later date.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reopen Discovery (ECF No. 66) is **DENIED**; Defendants' Motion for Leave to File Reply (ECF No. 76) is **DENIED**; and Defendants' Motion to Revise Interlocutory Order (ECF No. 67) remains under advisement.

**IT IS SO ORDERED**, this 31st day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE